**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

MCP IP, LLC,

      Plaintiff,

      v.

VELOCITY OUTDOOR INC.,

      Defendant.

C.A. No. _____

## COMPLAINT

Plaintiff MCP IP, LLC ("MCP") hereby brings this complaint for patent infringement against Defendant Velocity Outdoor Inc. ("Velocity") and alleges as follows:

## NATURE OF THIS ACTION

1.      This is a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

2.      MCP alleges infringement of U.S. Patent Nos. 11,796,277, 12,000,668, and 12,000,669 (the "Asserted Patents").

## PARTIES

3.      Plaintiff MCP IP, LLC is a limited liability company organized and existing under the laws of the state of South Dakota, with a principal place of business location at 919 River Road, Sparta, Wisconsin 54656.

4.      Defendant Velocity Outdoor, Inc. is a corporation organized and existing under the laws of the state of Delaware, with a principal place of business located at 7629 State Route 5 and 20, Bloomfield, NY 14469. Velocity may be served with process by The Corporation Trust Company located at 1209 Orange Street, Wilmington, DE 19801.

5.      Upon information and belief, Velocity manufactures, sells, offers to sell, uses

products and/or causes products to be made, sold, offered for sale and/or used throughout the United States, including in this judicial district. It is also believed that Velocity introduces or causes to be introduced infringing products into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

6.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

7.      This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Velocity because it is incorporated in Delaware and has therefore purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

9.      Furthermore, this Court has personal jurisdiction over Velocity because, as described further below, Velocity has committed acts of patent infringement giving rise to this action within the State of Delaware and this judicial district and, thus, has established minimum contacts such that the exercise of personal jurisdiction over Velocity does not offend traditional notions of fair play and substantial justice.

10.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Velocity is incorporated in this district.

## PATENTS-IN-SUIT

11.     U.S. Patent No. 11,796,277 ("the '277 patent"), titled "Archery Bow with Pass Through Cabling," was duly and legally issued by the United States Patent and Trademark Office on October 24, 2023. Each and every claim of the '277 Patent is valid and enforceable. A true and

correct copy of the '277 Patent is attached as Exhibit A.

12.    MCP is the assignee and owner of all right, title, and interest in and to the '277 Patent and possesses the exclusive right of recovery for past, present, and future infringement.

13.    U.S. Patent No. 12,000,668 ("the '668 patent"), titled "Archery Bow with Pass Through Cabling," was duly and legally issued by the United States Patent and Trademark Office on June 4, 2024. Each and every claim of the '668 Patent is valid and enforceable. A true and correct copy of the '668 Patent is attached as Exhibit B.

14.    MCP is the assignee and owner of all right, title, and interest in and to the '668 Patent and possesses the exclusive right of recovery for past, present, and future infringement.

15.    U.S. Patent No. 12,000,669 ("the '669 patent"), titled "Archery Bow With Wide Ratio Limb," was duly and legally issued by the United States Patent and Trademark Office on June 4, 2024. Each and every claim of the '669 Patent is valid and enforceable. A true and correct copy of the '669 Patent is attached as Exhibit C.

16.    MCP is the assignee and owner of all right, title, and interest in and to the '669 Patent and possesses the exclusive right of recovery for past, present, and future infringement.

17.    MCP has complied with the requirements of 35 U.S.C. § 287 either because the Asserted Patents are not practiced by MCP or any licensee and/or because any licensee has been required to mark its product.

## VELOCITY'S ACCUSED PRODUCT

18.    Velocity designs, manufactures, markets, and/or sells in the United States and/or imports into the United States archery products, including crossbows, or it directs, controls, causes, or encourages such activities.

19.    Upon information and belief, Velocity offers its products in the United States under

various brands, including Ravin Crossbows, LLC ("Ravin"), which is a wholly owned subsidiary of Velocity.

20.    Upon information and belief, Velocity directs and/or controls the activities of Ravin.

21.    Upon information and belief, Velocity itself or through Ravin designs, manufactures, markets, offers for sale, and/or sells crossbows under the Ravin brand, including for example the Ravin R500 and R50X crossbows (the "Accused Products").

22.    Upon information and belief, the Accused Products infringe the claims of the '277, '668, and '669 Patents.

## COUNT 1
## Infringement of U.S. Patent No. 11,796,277

23.    MCP re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

24.    In violation of 35 U.S.C. § 271, Velocity has infringed, induced others to infringe, and/or contributed to the infringement of one or more claims of the '277 patent, including but not limited to Claim 1, literally and/or under the doctrine of equivalents, by among other things, making, using, offering for sale, selling, and/or importing into the United States unlicensed products in a manner that infringes the '277 patent.  Such unlicensed products include the Accused Products.

25.    On information and belief, Velocity has and continues to directly infringe one or more claims of the '277 Patent by making, using, importing, selling, and/or offering for sale the Accused Products.

26.    By way of example only, the Accused Products infringe and continue to infringe at least Claim 1 of the '277 Patent. Claim 1 of the '277 Patent reads as follows:

1. A crossbow comprising:

a frame;

a first limb arranged to support a first rotatable member, said first rotatable member comprising a first side, a second side and a bowstring track, the first side comprising a first cable track and the second side comprising a second cable track;

a second limb arranged to support a second rotatable member;

a bowstring extending between the first rotatable member and the second rotatable member;

a stock attached to the frame;

a latch attached to the stock, the latch arranged to engage the bowstring;

a trigger arranged to release the latch;

a first cable segment engaged with the second limb and the first rotatable member, a second cable segment engaged with the second limb and the first rotatable member, the first cable segment oriented to the first side of the first rotatable member, the second cable segment oriented to the second side of the first rotatable member; and

a biasing mechanism supported by the stock, the biasing mechanism biasing the first cable segment away from a shooting axis;

wherein the first cable track takes up the first cable segment and the second cable track takes up the second cable segment as the bowstring is drawn.

A chart illustrating the infringement of the '277 Patent is attached hereto as Exhibit D.

27.    On information and belief, in addition to its direct infringement, Velocity takes active steps to induce others, including its subsidiaries, retailers, distributors, and customers, to directly infringe the '277 patent.  Velocity takes such active steps knowing that those steps will induce, encourage, and facilitate direct infringement by others.  Such active steps include, but are not limited to, encouraging, advertising (including by internet websites, YouTube videos, print advertisements, etc.), promoting, and instructing others to make, use and/or how to use the Accused Products.  On information and belief, Velocity directs and controls the actions of its

subsidiaries, retailers, and distributors with respect to the manufacture, offer for sale, and sale of the Accused Products, and actively induces the infringement of those parties.

28.    On information and belief, Velocity knows or should know that such activities induce others to directly infringe one or more of at least Claim 1 of the '277 Patent.

29.    On information and belief, Velocity also contributes to the infringement of the '277 patent by others, including its subsidiaries, retailers, distributors, and customers. Acts by Velocity that contribute to the infringement of others include, but are not limited to, the sale, offer for sale, and/or import by Velocity and/or its subsidiaries of the components of Accused Products, such as the frame, limbs, rotatable members, tracks, and crossbow strings. On information and belief, Velocity directs and controls the actions of its subsidiaries, retailers, and distributors with respect to the manufacture, offer for sale, and sale of the components of Accused Products.

30.    The components are not suitable for substantial noninfringing use.

31.    On information and belief, Velocity knows such components are especially adapted to infringe by use with other components to assemble the Accused Product.

32.    Velocity has engaged in egregious infringement behavior with knowledge of the '277 Patent, which has been duly issued by the USPTO, and is presumed valid. On information and belief, Velocity has known or should have known that its actions constituted and continue to constitute infringement of the '277 Patent and that the '277 Patent is valid at least as of the date Velocity was served with or otherwise notified of this Complaint. Velocity could not reasonably, subjectively believe that its actions do not constitute infringement of the '277 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Velocity has continued its infringing activities. As such, Velocity willfully infringes the '277 Patent.

33.    By its actions, Velocity has injured MCP and is liable to MCP for infringement of the '277 Patent pursuant to 35 U.S.C. § 271.

34.    By its actions, Velocity's infringement of the '277 Patent has irreparably injured MCP. Unless such infringing acts are enjoined by this Court, MCP will continue to suffer additional irreparable injury.

35.    By its actions, Velocity's infringement of the '277 Patent has damaged and continues to damage, MCP in an amount yet to be determined.

36.    Velocity's infringement of the '277 patent is exceptional and entitles MCP to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT 2
## Infringement of U.S. Patent No. 12,000,668

37.    MCP re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

38.    In violation of 35 U.S.C. § 271, Velocity has infringed, induced others to infringe, and/or contributed to the infringement of one or more claims of the '668 patent, including but not limited to Claim 1, literally and/or under the doctrine of equivalents, by among other things, making, using, offering for sale, selling, and/or importing into the United States unlicensed products in a manner that infringes the '668 patent.  Such unlicensed products include the Accused Products.

39.    On information and belief, Velocity has and continues to directly infringe one or more claims of the '668 Patent by making, using, importing, selling, and/or offering for sale the Accused Products.

40.    By way of example only, the Accused Products infringe and continue to infringe at least Claim 1 of the '668 Patent. Claim 1 of the '668 Patent reads as follows:

1. A crossbow comprising:

a stock;

a first limb assembly arranged to support a first rotatable member, the first rotatable member comprising a first cable track and a second cable track;

a second limb assembly arranged to support a second rotatable member, the second rotatable member comprising a third cable track and a fourth cable track;

a bowstring extending between the first rotatable member and the second rotatable member, the bowstring defining a bowstring plane;

a latch arranged to engage the bowstring;

a trigger arranged to release the latch;

a first cable segment engaged with the first cable track, the first cable segment oriented above the bowstring plane, the first cable segment attached to the second limb assembly;

a second cable segment engaged with the second cable track, the second cable segment oriented below the bowstring plane, the second cable segment attached to the second limb assembly;

a third cable segment engaged with the third cable track, the third cable segment oriented above the bowstring plane, the third cable segment attached to the first limb assembly; and

a fourth cable segment engaged with the fourth cable track, the fourth cable segment oriented below the bowstring plane, the fourth cable segment attached to the first limb assembly.

A chart illustrating the infringement of the '668 Patent is attached hereto as Exhibit E.

41.     On information and belief, in addition to its direct infringement, Velocity takes active steps to induce others, including its subsidiaries, retailers, distributors, and customers, to directly infringe the '668 patent.  Velocity takes such active steps knowing that those steps will induce, encourage, and facilitate direct infringement by others.  Such active steps include, but are not limited to, encouraging, advertising (including by internet websites, YouTube videos, print advertisements, etc.), promoting, and instructing others to make, use and/or how to use the

Accused Products.  On information and belief, Velocity directs and controls the actions of its subsidiaries, retailers, and distributors with respect to the manufacture, offer for sale, and sale of the Accused Products, and actively induces the infringement of those parties.

42.    On information and belief, Velocity knows or should know that such activities induce others to directly infringe one or more of at least Claim 1 of the '668 Patent.

43.    On information and belief, Velocity also contributes to the infringement of the '668 patent by others, including its subsidiaries, retailers, distributors, and customers.  Acts by Velocity that contribute to the infringement of others include, but are not limited to, the sale, offer for sale, and/or import by Velocity and/or its subsidiaries of the components of Accused Products, such as the frame, limbs, rotatable members, tracks, and crossbow strings.  On information and belief, Velocity directs and controls the actions of its subsidiaries, retailers, and distributors with respect to the manufacture, offer for sale, and sale of the components of Accused Products.

44.    The components are not suitable for substantial noninfringing use.

45.    On information and belief, Velocity knows such components are especially adapted to infringe by use with other components to assemble the Accused Product.

46.    Velocity has engaged in egregious infringement behavior with knowledge of the '668 Patent, which has been duly issued by the USPTO, and is presumed valid. On information and belief, Velocity has known or should have known that its actions constituted and continue to constitute infringement of the '668 Patent and that the '668 Patent is valid at least as of the date Velocity was served with or otherwise notified of this Complaint. Velocity could not reasonably, subjectively believe that its actions do not constitute infringement of the '668 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Velocity has

continued its infringing activities.  As such, Velocity willfully infringes the '668 Patent.

47.    By its actions, Velocity has injured MCP and is liable to MCP for infringement of the '668 Patent pursuant to 35 U.S.C. § 271.

48.    By its actions, Velocity's infringement of the '668 Patent has irreparably injured MCP. Unless such infringing acts are enjoined by this Court, MCP will continue to suffer additional irreparable injury.

49.    By its actions, Velocity's infringement of the '668 Patent has damaged and continues to damage, MCP in an amount yet to be determined.

50.    Velocity's infringement of the '668 patent is exceptional and entitles MCP to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT 3
## Infringement of U.S. Patent No. 12,000,669

51.    MCP re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

52.    In violation of 35 U.S.C. § 271, Velocity has infringed, induced others to infringe, and/or contributed to the infringement of one or more claims of the '669 patent, including but not limited to Claim 1, literally and/or under the doctrine of equivalents, by among other things, making, using, offering for sale, selling, and/or importing into the United States unlicensed products in a manner that infringes the '669 patent.  Such unlicensed products include the Accused Products.

53.    On information and belief, Velocity has and continues to directly infringe one or more claims of the '669 Patent by making, using, importing, selling, and/or offering for sale the Accused Products.

54.    By way of example only, the Accused Products infringe and continue to infringe at least Claim 1 of the '669 Patent. Claim 1 of the '669 Patent reads as follows:

1. A crossbow comprising:

a prod, a stock, a string catch and a trigger;

a first limb assembly supporting a first rotatable member, the first limb assembly comprising a first outer side and a second outer side, the first rotatable member comprising a cam;

a second limb assembly supporting a second rotatable member;

a bowstring extending between the first rotatable member and the second rotatable member; and

a power cable in communication with the cam;

the first limb assembly having a width and a length, the width measured from the first outer side to the second outer side, wherein the width is at least 26% of the length.

A chart illustrating the infringement of the '669 Patent is attached hereto as Exhibit F.

55.    On information and belief, in addition to its direct infringement, Velocity takes active steps to induce others, including its subsidiaries, retailers, distributors, and customers, to directly infringe the '669 patent.  Velocity takes such active steps knowing that those steps will induce, encourage, and facilitate direct infringement by others.  Such active steps include, but are not limited to, encouraging, advertising (including by internet websites, YouTube videos, print advertisements, etc.), promoting, and instructing others to make, use and/or how to use the Accused Products.  On information and belief, Velocity directs and controls the actions of its subsidiaries, retailers, and distributors with respect to the manufacture, offer for sale, and sale of the Accused Products, and actively induces the infringement of those parties.

56.    On information and belief, Velocity knows or should know that such activities induce others to directly infringe one or more of at least Claim 1 of the '669 Patent.

57.    On information and belief, Velocity also contributes to the infringement of the '669 patent by others, including its subsidiaries, retailers, distributors, and customers.  Acts by Velocity that contribute to the infringement of others include, but are not limited to, the sale, offer for sale,

and/or import by Velocity and/or its subsidiaries of the components of Accused Products, such as the frame, limbs, rotatable members, tracks, and crossbow strings.  On information and belief, Velocity directs and controls the actions of its subsidiaries, retailers, and distributors with respect to the manufacture, offer for sale, and sale of the components of Accused Products.

58.     The components are not suitable for substantial noninfringing use.

59.     On information and belief, Velocity knows such components are especially adapted to infringe by use with other components to assemble the Accused Product.

60.     Velocity has engaged in egregious infringement behavior with knowledge of the '669 Patent, which has been duly issued by the USPTO, and is presumed valid. On information and belief, Velocity has known or should have known that its actions constituted and continue to constitute infringement of the '669 Patent and that the '669 Patent is valid at least as of the date Velocity was served with or otherwise notified of this Complaint. Velocity could not reasonably, subjectively believe that its actions do not constitute infringement of the '669 Patent, nor could it reasonably, subjectively believe that the patent is invalid. Despite that knowledge and subjective belief, and the objectively high likelihood that its actions constitute infringement, Velocity has continued its infringing activities.  As such, Velocity willfully infringes the '669 Patent.

61.     By its actions, Velocity has injured MCP and is liable to MCP for infringement of the '669 Patent pursuant to 35 U.S.C. § 271.

62.     By its actions, Velocity's infringement of the '669 Patent has irreparably injured MCP. Unless such infringing acts are enjoined by this Court, MCP will continue to suffer additional irreparable injury.

63.     By its actions, Velocity's infringement of the '669 Patent has damaged and continues to damage, MCP in an amount yet to be determined.

64.     Velocity's infringement of the '669 patent is exceptional and entitles MCP to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, MCP demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, MCP respectfully requests that this Court enter judgement against Velocity as follows:

a)    The '277, '668, and '669 patents have been infringed by Velocity;

b)    Velocity's infringement of the '277, '668, and '669 patents has been willful;

c)    The '277, '668, and '669 patents are enforceable, eligible for patent protection, and not invalid;

d)    An award of damages adequate to compensate Plaintiff for the patent infringement that has occurred, together with pre-judgment interests and costs, post-judgment interests and costs, and an accounting;

e)    A permanent injunction preventing further infringement;

f)    If a permanent injunction is not awarded, then an award of ongoing royalty for Velocity's post-verdict infringement, payable on each product offered and/or imported by Velocity that is found to infringe one or more of the Asserted Patents, and on all future products that are not colorably different from those found to infringe;

g)    An award of all other damages permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

h)    A finding that this action is an exceptional case under 35 U.S.C. § 285 and an award

to MCP of its costs and attorneys' fees incurred in this action; and

i)    Such other relief, including other monetary and equitable relief, as this Court deems
just and proper.

Dated:  July 25, 2024

Respectfully submitted,

FISH & RICHARDSON P.C.

By: /s/ Susan E. Morrison
Susan E. Morrison (#4690)
Grayson P. Sundermeir (#6517)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19899-1114
(302) 652-5070
morrison@fr.com
sundermeir@fr.com

Carl E. Bruce (pro hac vice pending)
Matthew A. Colvin (pro hac vice pending)
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070
bruce@fr.com
colvin@fr.com

**Counsel for Plaintiff**
**MCP IP, LLC**